**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANTHONY E. MCGRIFF,**<br>1 Hawaii Avenue Apt. 208<br>Washington, DC 20011-4965<br><br>**Plaintiff,**<br><br>v.<br><br>**MEGAN J. BRENNAN,**<br>in her official capacity as<br>Postmaster General<br>United States Postal Service<br>475 L'Enfant Plaza, SW<br>Washington, DC 20260<br><br>**Defendant**. | CIVIL ACTION NO. 17-554<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

1. This is a public enforcement action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of Sex/Gender, under §107 of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117, 42 U.S.C. § 2000e, and under §117 of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §117 and, as this Complaint asserts a claim arising under the laws of the United States, this Court has original jurisdiction over that claim.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 704, 706(f)(1) and (3), and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §§ 2000e-3, 2000e-5(f)(1) and (3), and 2000e-6 ("Title VII"), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a. Claims are asserted pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Administrative Procedures Act, 5 U.S.C. § 702.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1402(a).

**PARTIES**

4. Plaintiff, Anthony E. McGriff, is a forty-two (42) year old male residing in the District of Columbia.

5. Defendant Megan J. Brennan is named in her official capacity as Postmaster General on all counts.

6. The defendant United States Postal Service is subject to suit pursuant to the Administrative Procedures Act, 5 U.S.C. § 702, and 5 USCS § 7703.

**GENERAL ALLEGATIONS**

7. Plaintiff initiated an EEO Complaint with Agency due to the ongoing systemic discrimination that Plaintiff faced before and after requesting a reasonable accommodation for his disability.

8. Plaintiff is a Carrier Technician PS-2 in the employ of Defendant and he works in Hyattsville, MD.

9. At all times relevant in this Complaint, Plaintiff performed his duties sufficiently and he was capable of holding that position.

10. Plaintiff is a male, born on July 28, 1974.

11. On April 4, 2013, Plaintiff was diagnosed with an osteoarthritic hip.

12. Plaintiff's immediate supervisor at the time of all allegations complained of in this Complaint was Vanessa Malloy.

13. The Hyattsville Station Manager was Jeff Simmons.

14. The Hyattsville Postmaster was Prince James.

15. On October 29, 2013, Plaintiff made a prior request for Family and Medical Leave Act leave.

16. The Agency granted his request on November 7, 2013, giving Plaintiff intermittent leave of up to five days per month.

17. On May 10, 2014, May 31, 2014, June 7, 2014, and June 14, 2014, Plaintiff requested leave under the Family and Medical Leave Act and leave was denied for those days.

18. Mail Carrier Robert Waple was a similarly situated Mail Carrier whose request for leave was treated differently than Plaintiff's.

19. In addition, a Mail Carrier by the name of "Ms. Sox" was also treated differently than Plaintiff and she was a female employee under the age of 40.

**COUNT I**

**Title VII Equal Protection Violation**

20. Plaintiff hereby realleges, reasserts, and incorporates ¶¶ 1 through 19 above with the same force and effect as if fully set forth herein.

21. Defendant engaged in unlawful employment practices, in violation of Sections 706(f)(1) and (3), and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6, and Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. §

1981a, by engaging in disparate terms and conditions of employment based on race, gender/sex, and age.

22. The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee of Agency because of his religion, color, and/or national origin.

23. The unlawful employment practices complained of were intentional.

24. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

25. As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages, including, but not limited to, lost wages and medical benefits, loss of prestige, severe emotional distress, medical expenses, attorney's fees and costs related to this lawsuit.

## COUNT II

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

26. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 25 above.

27. At all times relevant to this Complaint, Plaintiff suffered from a physical impairment that affected one or more of his major life activities within the meaning of § 3(2) ofthe ADA, 42 U.S.C. § 12102(2).

28. At all times, Plaintiff was a "qualified individual with a disability" within the meaning of § 101(8) ofthe ADA, 29 U.S.C. § 12111(8).

29. At no time during his employment did Defendant ever discuss with Plaintiff what steps could be taken to reasonably accommodate Plaintiffs protected disability.

30. Defendant failed at all times relevant to this Complaint to take any actions to reasonably accommodate Plaintiff's protected disability.

31. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of wages, loss of medical benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering and damages to her personal and professional reputations, justifying an award including but not limited to damages for emotional distress, compensatory, punitive and consequential damages against Defendant, as well as attorney's fees and costs as a result of suffering discrimination by Defendant in violation of the ADA.

**COUNT III**

**DISABILITY DISCRIMINATION IN**

**VIOLATION OF THE REHABILITATION ACT OF 1973**

32. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 58 above.

33. At all times relevant to this Complaint, Plaintiff suffered from a physical impairment that affected one or more of his major life activities within the meaning of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq*.

34. At all times, Plaintiff was a "qualified individual with a disability" within the meaning of that statute.

35. Defendants' conduct has been intentional, deliberate and willful and in callous disregard of Plaintiff's rights.

36. At no time during his employment did Defendant ever discuss with Plaintiff what steps could be taken to reasonably accommodate Plaintiffs protected disability.

37. Defendant failed at all times relevant to this Complaint to take any actions to reasonably accommodate Plaintiffs protected disability.

38. Plaintiffs protected disability was a motivating factor in the decision to disallow leave.

39. Defendant denied Plaintiff leave in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq.

40. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of wages, loss of medical benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering and damages to his personal and professional reputations, justifying an award including but not limited to damages for emotional distress, compensatory, punitive and consequential damages against Defendant, as well as attorney's fees and costs as a result of suffering discrimination by Defendant in violation of the Rehabilitation Act of 1973.

41.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony McGriff respectfully prays that this Honorable Court grant the following relief:

(i) Defendant's conduct is in violation of the ADA, FMLA and Rehabilitation Act of 1973;

(ii) Defendant pays Plaintiff for compensatory, liquidated, back wages, emotional distress and anxiety damages;

(iii) Defendant reinstates Plaintiff's employment in the capacity that he would have been but for the illegal conduct of Defendant with appropriate raises and promotions that would have likely accrued;

(iv) Defendant pays Plaintiff's attorney fees and costs incurred in this action; and

(iv). Defendant pays such other and further relief to Plaintiff as the Court deems just and proper.

**JURY TRIAL DEMAND**

The Plaintiff requests a jury trial for all issues proper to be so tried.

Respectfully submitted,

The Colvin Law Firm

By: ______________________________

Torrance J. Colvin #460407
7600 Georgia Avenue, NW
Suite 100N
Washington, DC 20012
PH (202) 688-1300
Fax (202) 688-2772
tc@colvinlegal.com

*Counsel for Plaintiff*